Taylor, Chief-Justice.
 

 — The expense and delay incident to an application to Chancery, for legacies or distribution, was too obvious a mischief not to call for a remedy, more especially when there was but one Court of that description existing in the then Colony, and a great proportion of the rights sought for, were comparatively of small amount. This remedy is applied by the act of 1762, and the mode of it is, by investing the Superior and County Courts with equity jurisdiction on these subjects. To insure a speedy trial of such causes, certain rules were prescribed by the Legislature, and these must undoubtedly be observed, as far as they extend
 
 ;
 
 but where a case arises, that is not provided for by these rules, recourse must necessarily be had to the practice of a Court of Chancery.
 

 The jurisdictions are concurrent on the subjects contemplated, but in the inferior Courts, means are adopted to accelerate the trial of causes. To construe the powers conferred on these Courts, as an exclusion of others, would be to deny the right of awarding a new trial, or of granting an appeal, neither of which are provided for by the law, though they have been constantly exercised, as well as many others appertaining to the equity jurisdiction. Nor can any reason be imagined, which justifies the propriety of refusing to rehear or review a decree in the County Court, whilst a decree made in the Superior Court is subject to this revision. It never could have been the intent of the Legislature, that an imperfect degree of justice should be administered, when
 
 *203
 
 the decree was rendered in the County Court, when they are cautious to secure a full measure of it in the Superior Court, by guarding against any construction which may tend to abridge the powers of the latter, in expressly providing that the powers pf the Court of Chancery shall not be limited as to such subjects. The whole spirit and object of the act require a construction which shall put those Courts fully into possession of the means of doing justice, when they are applied to ,* otherwise they will cease to answer the purposes of their establishment, for they cannot “proceed to hear and determine the same, according as the matter in equity and law shall appear to them, without regard to form,” unless they can also rehear .and review the same, upon a proper case being made.
 

 Having no doubt as to the authority of the Court to rehear and review, it is necessary to enquire whether this forms a proper case for cither.
 

 The only two grounds upon which a bill of review can be maintained, are, 1st, for error apparent on the face of the decree; 3d, for new matter discovered since. The subject of complaint made in this petition is, that the Clerk showed the petitioner a statement, according to which he understood the account was to be settled ; but no error appears on the face of the decree, and the ground of complaint was known to the petitioner, before the decree was entered. He alleges, that when the decree was made, ho thought the account was settled, in the manner the Clerk told him it would be, but an ordinary degree of vigilance would have saved him from this mistake.
 

 It is clear that after the enrolment of a decree, the cause cannot be reheard, and although we have no regular enrolment in this State, according to the practice in Chancery, yet it has been uniformly considered, that after the term at which the decree was beard, if it was final, and the parties out of Court, such was equivalent to enrolment. Nor does any difference exist between de
 
 *204
 
 crees on accounts and others; for the cases only show, that decrees to account are not enrolled, not that the decree made after the account comes in is not enrolled.— 1'}1¡S ¡s plain from the reason given in the book ; the first decree is not enrolled because it ties up the hands of the Court from relieving, if there should have been any defect in the directions of the decree. But after the account is returned by the Master, and the parties have an opportunity of excepting, there can be no reason why the final decree should not be enrolled ; more especially as according to Lord
 
 Bacon’s
 
 second ordinance, an error in calculation, (miscasting) may be rectified without a bill of review.
 

 Per Curiam.
 

 — Let the decree below dismissing the petition, be affirmed.